IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GLEN DEWAYNE LEE, # 265526, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.   ) | Civil Action No. 1:16cv730-WKW |
| ) | [WO] |
| CYNTHIA STEWART, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Glen Dewayne Lee ("Lee") on September 6, 2016.  Doc. No. 1.[1]  Lee challenges his 2009 murder conviction and resulting sentence of life in prison entered by the Circuit Court of Geneva County.  The respondents argue that Lee's petition is time-barred by AEDPA's one-year limitation period.  *See* Doc. No. 7.  The undersigned agrees with the respondents and finds that Lee's petition is untimely and should be denied without an evidentiary hearing.

### I.   PROCEDURAL BACKGROUND

On March 6, 2009, a Geneva County jury found Lee guilty of murder, in violation of § 13A-6-2, Ala. Code 1975.  *See* Doc. No. 7-1 at 5.  On May 7, 2009, the trial court

---

[1] References to "Doc. No(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court.  Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

sentenced Lee to life imprisonment. *Id.* at 6. Lee appealed, and on February 19, 2010, the Alabama Court of Criminal Appeals affirmed his conviction by unpublished memorandum opinion.[2] Doc. No. 7-2. After that court overruled Lee's application for rehearing, Lee filed a petition for writ of certiorari with the Alabama Supreme Court, which was denied on May 7, 2010; a certificate of judgment was issued that same date. *See* Doc. No. 7-1 at 7; Doc. No. 7-3.

On January 25, 2011, Lee filed a petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.[3] *See* Doc. No. 7-5 at 2. An evidentiary hearing was held on Lee's Rule 32 petition on June 3, 2014, and on June 26, 2014, the trial court entered an order denying the Rule 32 petition. *Id.* at 4. Lee appealed, and on March 6, 2015, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's denial of his Rule 32 petition.[4] Doc. No. 7-5. After that court overruled Lee's application for rehearing, Lee filed a petition for writ of certiorari with the Alabama Supreme Court, which was denied on July 10, 2015; a certificate of judgment was issued that same date. Doc. No. 7-6.
.

---

[2] On appeal, Lee argued that (1) the trial court erred by denying his motion for judgment of acquittal because the State failed to present a prima facie case that he shot the victim with intent to cause his death rather than in self-defense, and (2) the trial court abused its discretion by failing to conduct further inquiry into alleged juror misconduct. *See* Doc. No. 7-2.

[3] In his Rule 32 petition, which he twice amended, Lee asserted numerous instances of ineffective assistance of counsel, trial court error, and prosecutorial misconduct. *See* Doc. No. 7-5 at 2–4.

[4] On appeal from the denial of his Rule 32 petition, Lee reasserted several of his claims of ineffective assistance of counsel. *See* Doc. No. 5 at 8–14.

Lee, acting *pro se*, filed this 28 U.S.C. § 2254 petition on September 6, 2016. On the § 2254 form, Lee lists only one claim: that the indictment charging him with murder failed to state an offense. Doc. No. 1 at 6. Underneath that claim, however, he includes cursory allegations that the trial court "operated on incompetent authority" and erred in its jury instructions, and that his trial counsel "operated under conflict of interest in law and fact." *Id.* Lee also includes a lengthy attachment with his petition, where he elaborates on the claims in the body of his petition and also asserts claims of ineffective assistance of counsel, trial court error, and prosecutorial misconduct. *See* Doc. No. 1 at 52-138. Many, if not most, of these additional claims appear to relate to his main claim that the indictment in his case failed to state an offense.[5] *Id.*

The respondents argue that Lee's petition is time-barred under the one-year federal limitation period. Doc. No. 7 at 4–8.

## II. DISCUSSION

### A. AEDPA's One-Year Limitation Period

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for § 2254 petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[5] The additional claims are set forth in a rambling and repetitive manner. *See* Doc. No. 1 at 52-138.

3

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### *28 U.S.C. § 2244(d)(1)(A)*

Section 2244(d)(1)(A) of AEDPA provides that the one-year limitation period for filing a § 2254 petition begins to run on the date on which the judgment became final by the conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A). Because, on direct review, the Alabama Supreme Court denied Lee's petition for writ of certiorari on May 7, 2010, Lee had 90 days, i.e., until August 5, 2010, to seek certiorari review in the United States Supreme Court, which he did not do. *See* Sup.Ct. R. 13; *Jackson v. Secretary for Dept. of Corrections*, 292 F.3d 1347, 1348 (11th Cir. 2002) ("According to the Supreme Court Rules, a petitioner must file for a writ of certiorari to the Supreme Court of the United States within 90 days after entry of judgment in the state court of last resort."). Therefore, Lee's conviction became final for federal habeas purposes on August 5, 2010, and

4

AEDPA's one-year limitation period commenced on that date. *Jackson*, 292 F.3d at 1348. Thus, Lee had until August 5, 2011, *absent any tolling of the limitation period*, to file a timely § 2254 petition.

**B.      Statutory Tolling**

### 28 U.S.C. § 2244(d)(2)

Section 2244(d)(2) of AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2); *see Tinker v. Moore*, 255 F.3d 1331, 1335. n.4 (11th Cir. 2001). In Lee's case, the limitation period began to run on August 5, 2010, and continued to run until January 25, 2011, when it was tolled under § 2244(d)(2) by Lee's filing of a Rule 32 petition in the trial court. At that point, 173 days of AEDPA's one-year limitation period had run (i.e., from August 5, 2010, to January 25, 2011). The limitation period remained tolled until July 10, 2015, when the Alabama Supreme Court issued a certificate of judgment in the proceedings on Lee's Rule 32 petition. At that time, Lee had 192 days (i.e., 365 days - 173 days) remaining within which to file a timely § 2254 petition. After July 10, 2015, the limitation period ran unabated for the remaining 192 days, before expiring on January 18, 2016. Lee filed this § 2254 petition on September 6, 2016—232 days after expiration of AEDPA's limitation period.

### 28 U.S.C. § 2244(d)(1)(B)–(D)

Nothing in the pleadings submitted by Lee supports running AEDPA's one-year limitation period from the dates in 28 U.S.C. § 2244(d)(1)(C) & (D). Lee submits no

5

ground for relief with a factual predicate not discoverable earlier through exercising due diligence, *see* § 2244(d)(1)(D), and he presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," *see* § 2244(d)(1)(C).

Lee states, albeit cursorily, that "State interfere[nce]" impeded him from getting his "paperwork" in a timely fashion. However, he alleges no specific facts showing how his ability to obtain paperwork was hindered by any conduct of the State. Consequently, the start date of the limitation period allowed under § 2244(d)(1)(B) for an "impediment to filing an application [for writ of habeas corpus] created by State action" is not warranted in Lee's case.

**C.     Equitable Tolling**

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009).

Lee argues that his difficulty in obtaining documents related to his case from an attorney he apparently hired to assist him in obtaining such documents in anticipation of

filing a § 2254 petition excuses the tardiness of his petition and warrants equitable tolling of the limitation period.[6] *See* Doc. No. 1 at 14; Doc. No. 1-5 at 139–61.  It is not apparent from the record when Lee hired the attorney to obtain the documents, although it appears it may have been as late as November 2015.  The documents sought by Lee included his trial record, transcripts of police interviews of various individuals, copies of various state and federal statutes and various state and federal rules of evidence and criminal and civil procedure, and copies of other miscellaneous documents.  *See, e.g.*, Doc. No. 1-5 at 139-41.  Lee indicates that it took him several attempts in November and December 2015 and the first week of January 2016 to obtain many of the documents he asked the attorney to obtain for him.  *Id*. at 145-46.  The attorney sent Lee the trial record and appellate briefs from his case—in addition to many other requested documents—on November 11, 2015.  Doc. No. 1-5 at 140.

     Lee does not explain why he waited as late as November 2015 to take steps to obtain these documents.  The state court proceedings on his Rule 32 petition concluded in July 2015.  Nor does Lee explain why, after obtaining the documents, he delayed filing his § 2254 petition until September 2016.  Thus, Lee fails to demonstrate that he exercised reasonable diligence in pursuing his § 2254 petition prior to expiration of the limitation period as is "required for equitable tolling purposes." *Holland*, 560 U.S. at 653.

---

[6] Lee does not state that he hired the attorney to assist in the drafting or filing of his habeas petition.  Instead, it appears the attorney was hired for the sole purpose of obtaining records and other documents related to Lee's case and then sending such records and documents to Lee in prison for Lee's use in preparing a habeas petition.

7

Lee also fails to show how the documents were necessary for him to draft and file his § 2254 motion, or how his difficulties in obtaining the documents hindered him from filing a timely § 2254 petition. Lee participated in the proceedings from which his habeas claims arise. He had either actual or constructive knowledge of the factual basis for his habeas claims and could have presented his claims in a timely filed § 2254 petition without access to the documents. *McCleskey v. Zant*, 499 U.S. 467, 500 (1991) (where a petitioner has at least constructive knowledge of the factual basis for his claims there is no impediment to filing a federal habeas petition). Furthermore, "there is no requirement that a habeas petitioner enumerate in his petition every fact which supports a ground for relief. Rather, Rule 2(c) of the Rules Governing § 2254 Cases provides that a petitioner need only 'set forth in summary form the facts supporting each of the grounds' specified in the petition." *Leroy v. Giles*, 2014 WL 3652311, at *6 (M.D. Ala. July 23, 2014). *See Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002) (habeas corpus petition need not be pleaded with particularity, so citation to transcript unnecessary); *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (prisoner not entitled to transcript before filing § 2254 petition). Despite the lack of the documents in question, Lee could have filed a federal habeas action with this court prior to expiration of the one-year period of limitation. *See, e.g., Robinson v. Johnson*, 313 F.3d 128, 143 (3rd Cir. 2002) (court properly denied equitable tolling to petitioner based on deprivation of legal materials where petitioner "did not seek to file a timely petition and then clarify it once he had access to his materials"). Accordingly, Lee fails to demonstrate "extraordinary circumstances" that prevented his filing a timely habeas petition. *See Lloyd v. Van Natta*, 296 F.3d 630, 634 (7th Cir. 2002) ("equitable tolling does

8

not excuse [a petitioner's] late filing simply because he was unable to obtain a complete trial transcript before he filed his § 2254 petition"); *Donovan,* 276 F.3d at 93 (delay in obtaining transcript not a basis for equitable tolling of one-year limitation). Lee is not entitled to equitable tolling based on his alleged difficulty in obtaining documents from the attorney he hired to send him those documents.

 Lee also appears to argue he is entitled to equitable tolling because the attorney who represented him at the evidentiary hearing on his Rule 32 petition performed poorly on Lee's behalf in the appeal from the denial of his Rule 32 petition. Doc. No. 10 at 2–6. However, Lee establishes no connection between the performance of this attorney in proceedings related to his Rule 32 petition and his own later failure to file a timely § 2254 petition in this court. As noted above, the state court proceedings related to Lee's Rule 32 petition concluded on July 10, 2015. Lee can point to no connection between his untimely § 2254 petition and the performance of his attorney in the earlier proceedings. For a habeas petitioner to obtain relief through equitable tolling, there must be a causal connection between the alleged extraordinary circumstance and the untimely filing of the habeas petition. *See San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 1999); *Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005). "[I]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3rd Cir. 2003). Lee is not entitled to equitable tolling on this ground.

Under the circumstances discussed above, AEDPA's limitation period expired on January 18, 2016. Lee filed his § 2254 petition on September 6, 2016, and he has demonstrated no entitlement to equitable tolling. Therefore, his petition is subject to dismissal for untimeliness.

**D.     Actual Innocence**

The statute of limitations in AEDPA may be overcome by a credible showing by the petitioner that he is actually innocent. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1932 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "[This] standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). The Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Lee makes a conclusory claim that he is actually innocent based on his theory that the trial court was without subject matter jurisdiction in his case. *See* Doc. No. 1 at 15. There is no exception to the limitation period in § 2244(d) for claims alleging lack of

10

jurisdiction by the state trial court. *See, e.g., Pope v. Butler*, 2012 WL 4479263, at *1 (N.D. Ala. Sep. 24, 2012), quoting *Brown v. Patterson*, 2012 WL 3264896, *3 (M.D. Ala. 2012) ("While Pope argues that his claim challenging the validity of his conviction and sentence presents a 'jurisdictional' claim that is not governed by the one-year limitations period of § 2244(d)(1), 'neither the statute nor federal case law makes such an exception for alleged jurisdictional issues arising under state law.'"); *see also Owens v. Mitchem*, 2012 WL 4009335, *3 n.3 (N.D. Ala. 2012) ("There is no exception under AEDPA's statute of limitations for a § 2254 claim that the state court lacked subject matter jurisdiction."); *Nettles v. Secretary, Dep't of Corr.*, 2012 WL 1309360, *2 (M.D. Fla. 2012); *Griffin v. Padula*, 518 F.Supp.2d 671, 677 (D.S.C. 2007); *Ahmed v. Hooks*, 2007 WL 128787, *1 (S.D. Ala. 2007); *Beaulieu v. Minnesota*, 583 F.3d 570, 574 (8th Cir. 2009) ("Whether Minnesota had jurisdiction of [the petitioner's] claim was a matter for the Minnesota courts to address. [The petitioner] misapprehends the nature of federal habeas review, and we hold that his subject matter jurisdiction claim does not preclude a finding of procedural default .").

Lee's claim of actual innocence predicated on the theory of the trial court's lack of subject matter jurisdiction does not satisfy the standard of *Schlup*, which requires a petitioner to offer new reliable evidence of his factual innocence. *See* 513 U.S. at 324. The claims in Lee's untimely § 2254 petition are therefore not subject to further review.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case

DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation or before June 26, 2018.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE, this 12th day of June, 2018.

　　　　　　　　　　　　　　　　　　  /s/  Wallace Capel, Jr.　　　　　　
　　　　　　　　　　　　　　　　　CHIEF UNITED STATES MAGISTRATE JUDGE